oral argument not to exceed 15 minutes per side. Lawrence Delano Jr. for the appellant. My name is Lawrence Delano. I represent the appellant Michael Walters. I would like to reserve two minutes for rebuttal. Mr. Walters was convicted of two counts relating to child pornography. The convictions were the result of guilty pleas. There was no plea agreement in this case. It is the sentence which is the focus of this appeal in particular. I would like to reserve two minutes for rebuttal. Was there any negotiations about a plea so that if the plea had been to possession, for example, there would be no mandatory minimum, all these other increases in the sentence would not have been present? Probably not, Your Honor. There were no negotiations. Generally, the position the government has taken, at least in our district, is generally the plea to the indictment. Defense lawyers don't negotiate with the government counsel to try to get their client the best deal they can. We try. Was there an effort here? There certainly was, Your Honor. What was that? I had asked for, in matter of fact, on the basis of some of the issues I'm arguing, I had asked the prosecutor on that basis to say, look, maybe this is just a possession case. I pointed to my client's clear record. I pointed to the fact that he was extremely cooperative. The request was generally for a possession charge, primarily because, as I think I explained in my brief, the distribution obviously comes from the use of this computer, the LimeWire type downloading of images which are then uploaded by other people, which encompasses distribution, but not in the sense that he had a business where he was distributing jobs. But there are other guideline provisions that address those things, the distribution for profit or for a thing of value. Exactly. And those five sections were, well, there's six sections. It was the sixth section that we are basing the appeal on, and that's the fact that the distribution, well, I believe A through E constitute distribution with additional conduct. F, there's no additional conduct. Distribution other than distribution described in subdivisions A through E. Right. Exactly. And you argue that that's simply the base offense. Yes. That distribution is distribution. This doesn't have any other component that would specifically carve it out of that general charge. Exactly, Your Honor, and I think that's one of the bases of my argument against that section. The whole concept of Section F, I've seen it in my research prior to the brief and prior to the oral argument. I've seen some courts refer to it as a catch-all, and that term in regard to a criminal penalty is actually chilling. Here's a catch-all. We don't know what it is, but if it's something other than – But if you have just possession, then you don't get it, right? Exactly. If it's just possession, Your Honor, it's under – the sections we're talking about are 2G2.2A1 and 2. And in 1 – I'm sorry. If it's just receipt. Right. And I've tried to classify receipt as possession. No, but if you just – okay, you can be convicted of this section for either receiving or distributing, right? Well, that's what the prosecutor was arguing at – the government was arguing at the sentencing hearing. He was saying it was receipt or distribution, and being that distribution was more offensive than receipt, then the enhancement was okay. And I think the first section that he's convicted under is possession. He gets the maximum of 120 months for that. Secondly, he's charged with distribution, a receipt and distribution, and he's given 151 months. Those are to run concurrently. Now, my problem, obviously, is more with the second sentence, the sentence on count one, because it is that sentence under which the sentence was kicked up. Let me ask you. Are you aware that for the last several years the Sentencing Commission itself, which I guess has a good bit of expertise in this area and has been working with these child pornography cases, has been telling Congress, please modify the law that requires us to impose these outrageous sentences, disproportionate sentences? That's correct. And their language is as follows. This is what they've been reporting in the report in 2012, 2013, and they say – I'm just quoting this – there is no rational basis to treat receipt offenses, which carry a mandatory minimum five-year term of imprisonment, and possession offenses, which do not carry a mandatory minimum term of imprisonment, differently under the guidelines or penal statutes. Virtually all offenders who possess child pornography previously knowingly received it. Now, what they're saying is it's absurd, irrational, they say, the word they use, to not understand and not say that receipt necessarily and possession are the same event. You can't have one without the other. When you possess something, you've got to have received it. When you receive something, you've got to then possess it. So, that's what they're saying to Congress, right? That's correct. And Congress seems to have responded. And I read the quote that the judge – that Your Honor just mentioned. And Congress, at least up until very recently, was responding with even – as I think you mentioned, the court mentioned when directing us to talk about the Alene case, which I admit, up until the court's directive, I had not found. Well, I don't think – you know, it's not a mandatory minimum. Both of you responded to that effect, and I think that's probably right. But my problem is the sentencing commission is saying to Congress itself that there's a due process violation here. You can't have irrational penal laws. They say these are irrational. And if they're irrational, you know, that's the definition of a violation of due process. Well, and I think there is serious due process issues with that. Right off the bat, he was like – and when the government mentioned at sentencing that receipt and distribution were two separate crimes, my reaction at the time was, well, he's already been convicted. He's already pleaded to possession. So obviously the crime – the second crime is a distribution crime, receipt and distribution. And I believe that's exactly what the statute states. So that's how the government – that was the government's position. My position was that the act of distribution is an element of the offense. Both – I think both the government and myself both agree on the same definition of double counting, which is one of the issues that I also came up with here, and that was that he's being punished twice for the same conduct. But it's not – double counting is only bad if it's unintended, right? Well, and that's – those are the holdings I've been finding, Your Honor, that that's what they're saying, that Congress can do it. It's only impermissible, but it's still – under this Court's ruling, it's still impermissible if it does punish for the same – for the exact same conduct. Now, I believe I respectfully used the term acrobatically when I noticed some of the cases. And the legislature is making it more and more difficult for the courts to keep these statutes in effect. But it's such a heavily charged issue. It's unclear to me exactly what argument you're making. Are you making an argument that the equivalency, making the claim that it's irrational for possession on the one hand, which has no mandatory minimum, much less – and judges have gone all the way down to probation under that. I mean, there's a wide disparity across the country in what these child cases are drawing. Are you making the argument that that is a violation of the due process clause? I believe that is my argument inherent in what I'm arguing otherwise. I didn't put it in those particular – in those particular terms. My – What do you want us to do, the research on that ourselves? No, Your Honor. I apologize. I just generally felt that the guideline itself was a problem because no one seemed to recognize that Section A1 and 2 was acting as kind of a triage to take these cases into possession. I mean, I was getting trouble just on trying to find the fact that the level 18 where this case is supposed to start is possession. Possession cases are 18. Distributory cases are on a level 22. Just with that principle, I was finding decision after decision that wouldn't even concede that, except for the fact that, well, all right, I went to Judge – I read the most recent case with Judge Adams out of my district who indicated the history of the guidelines, right in the history of the guidelines. It states, listen, we have placed this – I think what they said was we chose the most lenient option of those typically used by the commission and selected Base Level 18 for possession offenders, Base Level 22 for distribution and trafficking offenders. And that was at U.S. v. Cunningham. And so it's apparent that the commission itself said, look, this is why we did this. We put Section 18 for possession offenses. I'm sorry. Did you argue to the court that, look, I know you run the guidelines and this is where it is, but the commission itself doesn't believe in the guidelines. This is congressionally driven. We know that the guidelines are advisory only. And I ask you to look at this case differently from other guidelines' case because the guidelines don't reflect the wisdom of the commission and, you know, argue for a real variance based upon that. I did not argue that in that way, Your Honor. I obviously read that now, but I – But you say you did generally say that it violates due process. I brought your brief that sort of generally, but without any further development, argues something about due process. Well, I think that that was – I'm trying to recall, Your Honor, but I believe it was entirely a due process. The entire appeal is based on that due process. What we've got factually is a first offender child pornography watcher who downloaded it from a website and apparently now many, many websites that are available, not through Google, but you've got to find out where they are. But anyway, there's a lot of child pornography out there, a lot of pornography out there. So he downloads it and looks at it and does nothing to harm anyone directly or anything. It's just that's the – for that he gets 12 and a half years. Exactly, Your Honor. But doesn't he – I think I read in the facts – doesn't he sometimes upload or send these videos to others and engage in some kind of a sharing? He is aware and admitted to the agents on his arrest that he was aware that people were able to upload from his list. So he was facilitating that. Well, essentially, yeah, and that's where the distribution charge comes from. Okay. And in your position as you stand here now, I want to sort of zero in on the concrete examples of double-counting that you are arguing. And I know Section F is one. As you stand here now, what are the other discrete guideline provisions that you – or enhancements, rather, that you argue are in fact double-counting and the basis for that assertion that it is double-counting? The only other section that we contest in this appeal was the enhancements for sadism, masochism, or what they call other depictions of violence, to quote it exactly. And that's exactly how the judge sentenced him, when the judge sentenced him. And so the judge, in that instance, you will agree, I suppose, was in sort of the best position to assess that conduct and whether or not that enhancement was merited. Well, that wasn't really my argument. My argument was that all videos involving children in pornography are per se sadistic or at the very least violent. Let's say – and that's an interesting point that you make – that under this statute, there could be a child posed in a sexually explicit manner, not engaged in overt sexual activity, correct? And that would still bring that in the statute. That child could be posed. That would not be a violent situation, but it would still violate the statute. It probably would not constitute sadomasochistic images. Well, I believe that that was the court – this court's ruling in Phillips. And it goes back, I think, to U.S. v. Lightman, which I also cited. Again, I didn't find very many favorable cases, but I did find cases that had language that kind of brought up what I felt was a due process situation because in Lightman, they were saying the same thing, essentially a mere picture of a child. In Phillips, I think it went a little further. The court said maybe in a lascivious pose, but it's not – it's violent. I guess the best way to put it is 18 U.S.C. 16 calls it violent. This is where Lightman got acrobatic and said, well, no, maybe the guidelines have a different version of what violence is than the statute does. I addressed this issue in my brief. I won't waste the court's time on it, but the very language of the guidelines section ascertains that it's not the sadism or masochism itself that's the concern of the commission. It's the violence, and all three categories cited are violent. The only reason it's violent is because it involves a victim who cannot consent, even if it's a picture, even if it's a non-lascivious picture. It could be the humiliation of a clueless child, but it's still – if the court doesn't see it as sadistic, it certainly has to be a violent offense, and it would be under federal law, under 18 U.S.C. 16. It would be a violent offense. Therefore, every video by its very nature creates that double penalty. I mean, if it wasn't for the violence, the sadism, the masochism, maybe even the violence, there'd be nothing illegal about it. Well, I think that your reading of that provision is overly broad, and I suppose that you're entitled to your belief, but that seems a little broad. Well, it may be, and this court has certainly ruled contrary to what I'm saying, and that puts me in a very difficult position, but still – Does this make you an advocate for your client? Well, it's – and I genuinely believe that. I mean, when I read the statute originally, and again, I would confess to the court this was my first – I've been doing federal work for a very long time, and this is the first child pornography case I ever had. So I was learning the law right along with it. Your time is up, but you'll have time for rebuttal. Thank you very much. Thank you. Good morning, Your Honors. My name is Laura Ford, and I'm here on behalf of the United States. I had planned this morning to begin by addressing Judge Merritt's question regarding whether Olen applies to the Child Pornography Guideline, but – I understand your argument. What I don't understand, though, is what the government's position is on the commission's own judgment now for the last several years in which it has said to Congress, please change this law. The judges are not following it. Seventy percent of the cases are below the guidelines, and they say that there is no rational basis – and possession offenses which do not carry a mandatory minimum term of imprisonment differently under the guidelines or penal statutes. Virtually all offenders who possess child pornography previously knowing received it. I mean, that's just saying that the penal statutes which imposed on the sentencing commission under the PROTECT Act, the duty of treating receipt and possession differently, one with a mandatory minimum and one not, that's saying that it is irrational. What is the government's response to that? Well, Your Honor, with respect to a district court, I mean, these guidelines are advisory. And if the district court, as you said, there's a number of district courts that are veering downward. And if the court disagrees with that, then it is entitled to reject the guideline on that basis. This case is not simply a receipt case. This is a distribution case, which makes it even more serious. But the distribution, he never sent it to anybody. The distribution is a hypothetical distribution, right? That someone could come in, as the FBI did, I guess, and look up what he's got on his computer. But is there any evidence here that he sent this stuff to someone else in the same way that you would distribute a drug by giving it or selling it to them and take some step to that effect? Your Honor, he made a conscious decision to distribute this, if you will, because this is a peer-to-peer sharing software. You mean when he received it, he made a decision what? No, I would say that when he uses that peer-to-peer software, if he does not change the setting to reduce it down to zero for the distribution, he's made a decision to distribute. He has this file where these images. What do we know about what he knew about that? Well, Your Honor, he admitted as part of the plea colloquy that he understood that these files were available, and the plea colloquy would be at page ID 222 to 224. He understood that these were available for distribution. He just didn't understand that that was distribution? My understanding is he knew that it was available for somebody else. That's right. He just didn't understand that that would be distribution. I would disagree with that, Your Honor, that he knew that somebody could download the files. I know. He knew someone could download, but he did not understand that that is distribution. Under the law, under the definition under the law, because normally when you have distribution of drugs and other things of that kind. You give it to someone. You have to do something. He says it right there, and there's no reason not to believe him. I mean, he seemed pretty contrite and credible that he didn't understand that the fact, okay, for instance, he goes on it, and he downloads something from someone else's, right? Sure. Okay, so you could see how he would think, okay, I went and got this. He didn't understand that the person distributed it to him because he's the one that took the act. So he thought that, yeah, my stuff is out there. Someone can take it, but they're taking it. I'm not giving it to them. And you can respond to Judge White, but didn't he in the colloquy or in the interview indicate that he was aware that he was engaged in this peer-to-peer sharing activity, and the essence of that meant that he could get things from other people and other people could get his? Isn't that what he said? Yes. I mean, I think it's getting into semantics in terms of understanding, well, the word distribute. But, I mean, if you make something available and somebody takes it, I mean, that's distribution. The fact that you're not sitting right there and you know that somebody's taking it, it doesn't mean that you're not distributing. It doesn't mean that you are distributing either, does it? It depends on what definition of distribute you want to put on it, right? Well, and this court has held that engaging in a file-sharing program does constitute the distribution. And I think I've even seen, I can't tell you what the case name is, but there's been an analogy to like a self-service gas station. If you make the gas available and somebody pulls up to the pump and gets gas, that doesn't mean that you're not distributing gas, even though you're not the one that's physically handing it over. He's not an oil company. Pardon? He's not an oil company. He's not selling gas, you know. But he's made those files available. How does this type of file-sharing with child pornography differ in the activity that parties engaged in, in peer-to-peer music sharing or movie sharing, that kind of thing? I know one is illegal and the other one may be if they're violating copyright and other kind of things, but is it the same kind of thing, the peer-to-peer sharing? I'm not familiar enough with that type of file-sharing, but the way it works is that you have this file and you put the images that you're willing to share in this file, and you have the ability to turn off the settings so somebody would not be able to download from you, but somebody accessing it. Do you have to upload it in order to share it? I believe you designate a file that is accessible through this peer-to-peer software, so another user that's engaged in this peer-to-peer software does not have access to your entire computer. It's just this folder that you've designated, that you've given authorization for this peer-to-peer software. Is there any evidence here that anyone did, in fact, receive anything from him about child pornography? Well, I thought there was evidence that the agent had downloaded images. Yeah, as a law enforcement agent. Law enforcement. Now, I can't answer your question about whether it's somebody other than law enforcement. Why can't you? If he distributed it, somebody had to receive it. We normally say that law enforcement is entitled to investigate, but that doesn't mean, maybe it does mean a distribution. However, other than law enforcement, there's no evidence here of any kind that anyone received anything from him. I don't know the answer to that, Your Honor. According to the factual basis, this was based on the law enforcement officer downloading the shared files. So is the making it available so that others could download what they did or not, is that enough to satisfy the definition of distribution under the statute? If somebody actually downloads it, I mean, this is clearly an intent to distribute because he made those files available. He did not turn off that setting that would prevent somebody from obtaining it. Maybe he didn't know anything about settings. Maybe he's as computer illiterate as I am, you know? Well, Your Honor, at least with a lot of the file sharing, even you can print off the screen and it will say to reduce the settings, you have to turn it down to zero to stop the distribution, to make it unavailable. I've got another question. I want to go to the point that Mr. Delina raised earlier. Tell me what is it about this conduct and the distribution that there was an enhancement under F of the statute, 2252A2F. So what is it about this conduct that did not fall within the A through E, or what is it about it that makes the enhancement under F appropriate? I know I didn't say that very artfully, but I know that, as Mr. Daniel said, it's a catch-all, but is there something that was not covered by the basic definition? And if so, what is that that makes F an appropriate enhancement provision? The reason why F, that automatic two levels, is appropriate in this case is because 2G2.2B1 applies to a variety of offenses. It could be receipts, solicitation, transportation, advertising, child pornography. So in this case, you have a base offense level of 22. He pleaded guilty to receiving and distributing. Just based on the receiving alone, you had a 22. So the argument that the conduct was already taken into account is incorrect. The distribution is more than simply just receiving because one could solicit and receive without distributing. I understand that, but in this case, are you saying that because the indictment charged him with knowingly receiving and distributing and that, as you said, the distribution already put him at 22, so you use F to cover the receipt part of that?  Yeah, vice versa, where the receipt is covered by the 22. And that's consistent with this court's decision in Clark, and there's four other circuits that have found that the enhancement for distribution is not accounted for in that base offense level of 22, that the receipt and distribution should not be treated as a single, as the same act. But isn't it then covered by the sentencing count too? So it would seem that it... For the possession? The distribution. Count two charges him with possession of a computer to distribute. Sorry. Okay. Now count two charges him with knowingly possessing a computer containing child photography. Counsel, would you agree that... Are you finished? I am. Are you finished? I am. The sentences here and the charges by the government, by the Department of Justice, are all over the lot. The sentences that you get depend on whether you charge possession or how you charge it, and then what defense counsel does with respect to entering into a plea agreement or not, so that the disparity of sentencing for the same activity exactly is all over the place in these cases. The Sentencing Commission has pointed that out to Congress, as well as how irrational the system is. What is the policy of the Department of Justice, or is there a policy? Is it left to each individual assistant United States attorney what to charge and whether to charge possession or receipt, distribution under the setting idea, or what? Your Honor, in this case, the most serious offense was charged in this case. This was not simply just possession. But that's not happening. I mean, there's no uniformity in that, right? I mean, a lot of same facts exactly. The charge is only possession, and the sentence is not 12 1⁄2 years, but is much, much lower. You know, I don't believe this is any different than any other type of case where the sentences do range based on what the 3553A factors are. But the problem is that, I mean, there are many ways to commit different kinds of crime. There's a certain repetition in this type of offense. You get the guys that are making it, and you get the guys that are watching it with kids and doing things, and you get the guys that are just downloading it. So among those people that are just downloading it, there are some that also send it off to their friends. And then there's this guy who used a peer-to-peer, and if you believe him, you know, yes, knew that other people could do the same things, but it wasn't his objective. He wasn't getting things in return, so to speak. And the question is, isn't there something wrong with the system where if he had been before another judge, he might have gotten, you know, a much, much lower sentence because there's such dissatisfaction with the guidelines? I mean, you don't hear people arguing about the robbery guidelines. You know, the bank robbery guidelines or other guidelines. You know, this is just a problem. So if somebody is looking at cases and not saying, okay, yes, he was in a peer-to-peer, but he wasn't busily accumulating pornography to load it up there so people could get it. He wasn't telling people, hey, come see what I have. It was more passive. He didn't seem to understand the problem. I mean, if the court, if the prosecutor is not making those types of distinctions and you get people who are sentenced to, you know, super long sentences for this sort of somewhat passive conduct, is it a problem when somebody also could do the same thing and four other judges would give the person five years? Or one year. Or one year. Or one year, and, you know, I would disagree that that's reasonable because these cases, these images are out there forever, and they're extremely harmful, and that's what the district court found. Do you agree with the 12-and-a-half years? Absolutely. Absolutely. I do. I know you say you agree with that, but getting back to Judge White's comment that this was fairly passive activity and he wasn't uploading it to get anything in return, but on this, and I agree, I don't know a lot about this peer-to-peer sharing either, but when one engages in this kind of peer-to-peer sharing, isn't there an expectation that they will also be able to get other videos, and are there cases that say that that can be construed as them getting something in return for the sharing? I thought the Clark decision spoke to that with respect to using the peer-to-peer software is sufficient for distribution. Certainly there is this expectation that you're sharing files, you're going to get files in return, and the defendant here did make a conscious decision to make these files available. And with respect to these sentences, the district court, the Brooks, the Cunningham, the Bistline line of cases, the district court certainly is free to reject the guideline and say, well, I think this is too draconian based on the 3553A factors, but the fact that the court disagrees, they're free to. That's just the way it is. Well, post Booker. You're going to sentence the same people all the way from six months to 15 years, and not just prosecutorial discretion and the discretion. I just don't understand. Let me ask you this. Is there any case out there that says what the sentencing commission says, that there's no rational basis for this distinction? I mean, they absolutely say to Congress there's no rational basis for this. Please change it so we can have sentencing guidelines that are rational. Is there any case out there on the due process question of rationality? Normally we say that a penal statute that is irrational violates due process law. Any cases out there on that subject? I'm not aware of it, Your Honor. I would say that the defendant's objections to this case were based on double jeopardy. But this case is not different than you could have public corruption cases or white collar cases, that there's a whole spectrum of sentences post Booker. But certainly the court was free to accept or reject the guideline, and the fact that the court accepted the guideline in this case does not make it unreasonable. We're going to tolerate a legal system here that for exactly the same conduct in the United States of America permits a sentence all the way from six months to 15 years. And that's rational, and that's okay. Is that right? Go ahead and answer. Your Honor, the district court considered the 3553A factors in this case, and the fact that the court did not choose to reject the guideline in this case does not make the case unreasonable, and the court gave specific reasons on why it believed that this was a very, very serious offense. So we're going to tolerate this disparity as a legal system, as a constitutional system. That's what you're saying, isn't it? Your Honor, this case, the fact that there are ranges of sentences does not make it unconstitutional. Okay, and I just wanted to ask you to address one thing that Mr. Delano addressed. But I first want to make clear that while we talk about this disparity and we talk about the difference in the guidelines, in promulgating these statutes, Congress was very concerned with the basically assault on children and the violence that's occurring to fuel this industry and wanted to try to chill the production and distribution of this kind of pornography because they recognized that children were being trafficked and violated and harmed in myriad ways, as you've alluded to. Counsel says that one basis for his argument that this is double-counting is because on the sadistic and masochistic side, that any time you have an image of a child that meets the threshold requirements of the statute, that there's inherent violence. Do you agree that it's inherently violent? Aren't there different degrees of these images that would put one more in the violence and masochistic area as opposed to one that might simply display a child, impermissibly and illegally, but not in a violent manner? There's a number of circumstances. Even under the statute of prosecution, there's a number of examples where, as you said, you could have a child that's posed nude and is displayed in a suggestive manner. That would not qualify. You could have images of children masturbating or post-pubescent children engaged in sexual activity. All those things would qualify for a base offense level 22 but would not have that type of infliction of pain that would be sufficient to trigger that sadomasochistic conduct as opposed to, as in this case, you had adult penetration of pubescent children. And one, even a toddler, correct? A toddler. There's also one with a foreign object. So, I mean, clearly the enhancement applied in this case, but it certainly does not apply in every single case. It just doesn't. There's a number of examples where it would not apply, but certainly in this case it did. But for that reason, it is not double counting. Unless this Court has further questions, the government would respond. Thank you. Thank you, Your Honor. I would just like to mention that in regard to Judge Donald's question regarding offenses of violence and certainly a broad reading, the statute actually says other offenses of violence, and I think that refers to the sadism and masochism. I would just put to the Court that I don't believe there is any nonviolent child pornography. I don't believe there's any such thing. And I believe what backs me up on that is certainly not just SEAL, but 18 U.S.C. 16. Any sexual child's picture taken for sexual purposes is a violent offense. Finally, I would like to revisit the distribution of the statute. You give up on that argument. What's that? You give up on that argument. For your client, on behalf of your client, you concede that argument. Almost, Your Honor. I appreciate that. It's going to be almost in these concessions. Thank you, Your Honor. In relation to the instant case regarding the guideline itself, the distribution guideline itself, as well as common logic, tells us that if one was convicted for receipt and distribution, as was from Mr. Walters' words, receipt alone would carry only a base level of 20. That's 22 minus 2 for no intention to distribute. However, Mr. Walters did plead guilty to distribution. So he was not entitled to that two-point deduction. Therefore, it was assessed. That's why he's at a 22. So they gave him another two points for distribution under Section F, and that's where the double counting comes in. He was already given two points, in essence. I'm sorry. What are you saying about 20 minus 2? I'm sorry. Section 2G2.2A1 sets 18 as a level for possessory offenses. It sets 22 as a level for essentially everything else, which is possessory offenses. If you can show that the defendant did not intend to distribute, you deduct two points from that 22, which would have brought him to a level of 20. Obviously, it wouldn't because he didn't qualify for that two-point deduction. So he was assessed that two points. So then, in the recalculation, the PSR puts an additional two points on under Section F, saying it's distribution other than what occurs from A, B, C, D, E. It's not in any of those, so it's F. Another two points, another God knows how many more months. So he's now, in effect, being charged for the exact same conduct. I know analogies are dangerous, but I don't know if I used this in my sentencing memorandum or just in my presentation to the court, but it would be the same as convicting someone of DUI and saying, well, if you drive while you're drunk, it's mandatory three days in jail for a first offense. If you drive with over .18, it's four days. If you drive with over .20, it's five days. And then the last section is, otherwise, if you drive drunk, it's six days. So you're just adding something that you've already... We're talking about 12 1⁄2 years here, counsel. What's that, Your Honor? We're not talking about five or six days here. We're talking about 12 1⁄2 years. This guy's married with two children and a wife. He goes away for 12 1⁄2 years. And the sentence is truly irrational based on what he did. And there's other factors. I mean, the court has the record. This man was arrested. He was taken to the FBI headquarters. He submitted to a polygraph. He talked to them for hours under the impression that he was going home, and that was the last time. I don't think the guy knew what he did was against the federal law. I mean, not that ignorance of the law is a defense. It's not. But he completely conceded everything. You know, he kind of dug his own grave, if that's what you want to say. And he did, Your Honor. But the point is that he was one of these people that got caught in that over... The reason for the confusion in these laws is the zealousness of the legislature. It's just like Section F. It's just something we're just going to throw in to make sure nobody gets away because nobody wants to be seen. Wasn't he using, though, initially a neighbor's or at times using a neighbor's? He was the... Which would suggest that something was wrong. Yeah, he worked for an apartment complex where he was like the janitor, supervisor, custodian. And he used a neighbor's computer as his computer. And the neighbor was the one who was originally contacted by the police. Absolutely. But in his colloquy, he didn't say to the court, I don't know what I was doing. I had no idea that this was illegal. No, no. Your Honor, I don't want to give that. But the impression is he didn't, as Judge White pointed out, this wasn't a guy who considered himself a distributor of pornography, for God's sake. All he did was download, much the same way as a lot of people did with music for so many years before these websites all... He's not required to know the legal definition of distribution. And that's what the cases keep telling us. But you see the results here. It's 12 1⁄2 years. And that was... The court below felt they were being generous. The bottom line is there's a big difference of opinion among people of good faith about what these sentences should be. Absolutely correct, Your Honor. I think when the distribution laws were passed, I think they were meant, as Judge Donald pointed out, to stop the conscious spread of this stuff. Again, the government picked that up and ran with it and said, well, listen, this is distribution as well because people are downloading it. And as Ms. Forth said, the images are out there forever. Your time is up. Thank you. Thank you. I don't have a note here. Are you representing your client under the CJA? Yes, Your Honor. Thank you very much for your service. Thank you, Your Honor. Thank you.